Board of Drainage Com'rs of LeFlore County v. Flannagan

[89 South. 1, No. 21951]

Counties. *County treasurer, acting as treasurer of drainage district, may recover commissions therefor.*

Under chapter 192, Law 1910 (section 1875, Hemingway's Code), providing that "in counties having county depositories the treasurer shall receive an annual salary of three hundred dollars per annum, and the same shall be allowed and paid in monthly payments and the treasurers in such counties shall receive no other fees or emoluments for their services as county treasurer," a county treasurer who is acting treasurer of drainage districts organized in the county is not precluded from recovery of such commissions as are provided by statute as compensation for handling the funds coming into his hands as treasurer of such drainage districts,.

Appeal from chancery court of Leflore County.

Hon. G. E. Williams, Chancellor.

Bill by J. T. Flanagan against the Board of Drainage Commissioners of Leflore County. From a decree disallowing plea of defendant, he appeals. Affirmed and remanded.

*Gardner, McBee & Gardner,* for appellant.

The attention of the court is respectfully directed to the fact that chapter 191, of the Laws of Mississippi 1910, amending section 1704 of Mississippi Code of 1906, provides for the payment of commissions to the treasurer. The next chapter in the Laws of 1910 is the legislative scheme for the payment of treasurers. It provides for the payment of commissiones to the county treasurer; but, sections 3 of chapter 192 of the Laws of Mississippi, 1910, provides that the county treasurers shall receive an annual salary of three hundred dollars, and, "shall receive

no other fees or emoluments for their services as county treasurer."

With reference to the commissions to be paid the treasurer on account of handling the funds of drainage districts, section 1704, Mississippi Code of 1906, was last amended by the Laws of Mississippi 1914, chapter 359, in which it was provided that the treasurer "shall receive such compensation as the commissioners may allow, subject to the approval of the chancellor." Counsel in their brief, argue that drainage funds are not county funds, and that there fore the treasurer's salary does not exclude the payment of treasurers commissions.

We respectfully submit that under this view of the case, the treasurer is not entitled to recover.

In the first place, by the Laws of 1914, chapter 359 above quoted, an allowance must be made by the commissioners and approved by the chancellor. No claim of this sort is made. It is settled law that "an officer is not entitled to fees or other charges or allowances by way of compensation unless the law expressly so provides." *Hendricks* v. *Supervisors,* 49 Miss. 612; *Beck* v. *Allen,* 58 Miss. 435; *Bordeaux* v. *Warren,* 66 Miss. 231; *Marshall County* v. *Tidmore,* 74 Miss. 317.

The legislative scheme above referred to provided for the payment to the treasurer of commissions, first in the event there was no depository, and second, a salary in the event there was a depository. He was, we respectfully submit, entitled to fees and such fees are claimed here, in the event there was no depository. In the event there was a depository, as is here pleaded, he is entitled to three hundred dollars, and no more. The cases cited in counsel's brief are to be found in the notes to 15 C. J. 503, annotating the subject "Treasurer" in the chapter on "Counties."

From the text, we quote: "Statutes placing the county treasurers on a salary basis usually state either expressly or impliedly, that the salary provided shall be in lieu of all

other compensation and regardless of whether they do or not, a county treasurer, like all salaried officers, takes his office *cum onere,* and where additional burdens are imposed on him by statute, he is not entitled to additional compensation, unless it is so provided by statute. . Even where fees in adidtion to his salary are granted to him by statute, the treasurer is not entitled thereto where the Constitution of the state provides that his salary shall be his only compensation." 15 C. J. 502.

A strongly persuasive case is cited in the notes: "The treasurer receives a regular salary fixed by law. This case involves the question whether he is entitled to charge fees against the county in addition to his salary for services in making collections on assessments levied in county ditch proceedings. It seems to us he has no such right. The statute relating to collection of such assessments do increase somewhat the duties and liabilities of the county treasurer. The construction of ditches increases the amount of money which the treasurer is obliged to handle and increases the amount of book-keeping in his office, but it is well settled that the county treasurer, like all salaried officers, takes his office *cum onere* and if the statute increases the duties of the office, by the addition of other duties, he is not entitled to additional compensation, unless additional compensation is provided by statute. *Trovatin* v. *Pennington,* 135 Minn. 274, 160 N. W. 766.

There is no exception written in the statute providing for a salary of three hundred dollars to the treasurer; on the contrary, it expressly provides that "the treasurer shall receive no other fees or emoluments."

We respectfully submit that if he is entitled to receive fees for handling the drainage funds, he is also entitled to receive the fees provided for in that part of the law which is operative only in the event that there is no depository. We respectfully submit that this case should be reversed and judgment entered here sustaining the plea.

*Colson & Guy,* for appellee.

The only point made by the plea of appellants in the court below is that Leflore county had a county depository, and that appellee as treasurer of Leflore county was ex-officio treasurer of drainage districts therein and paid a salary of three hundred dollars a year provided by statute.

The statute reads as follows: "The counties having county depositories, the treasurer shall receive an annual salary of three hundred dollars per annum and the same shall be allowed and paid in monthly payments, and the treasurer in such counties shall receive no other fees or emoluments for their services as county treasurer." Section 1875, Hemingway's Code, Laws of Mississippi 1910, chapter 192.

Now the question presented is whether the county treasurer is entitled to commissions on funds coming into his hands as treasurer of drainage districts. "A drainage district fund is not a county fund but a fund belonging to the drainage district." *Honey* v. *Green County,* 102 Ark. 106, 143 S. W. 592.

"The proceeds of irrigation district bonds are not moneys received by the county treasurer as such treasurer, but as district treasurer." *Otero County* v. *Otero Irr. District,* 56 Colo. 515, 139 Pac. 546.

We respectfully submit that county funds and drainage district funds are separate and distinct funds, and that county treasurers acting as drainage district treasurers are entitled to commissions allowed to funds coming into their hands as district treasurers, and that the chancellor was eminently right in disallowing the plea of appellant.

WILLIAM H. COOK, delivered the opinion of the court.

J. T. Flanagan exhibited his bill of complaint against the board of drainage commissioners of Leflore county, charging, in substance, that he was the duly constituted and acting treasurer of Leflore county from the ——— day of Jan-

uary, 1916, up to and including the first Monday of January, 1919, and that as such treasurer he performed all the duties of the office; that by virtue of his office of treasurer of the county, under the provisions of section 1704 of the Code of 1906, he became and was duly constituted and acting treasurer of all drainage districts organized in said county for the term of his office, and as such treasurer of drainage districts he performed all the duties of the office of treasurer of such districts; that as treasurer of drainage districts, and as compensation for performing the duties of such office, complainant became and was entitled to a commission of one-half of one per centum on all moneys received from the tax collector or other sources which became a part of the funds of such drainage districts, and, in addition thereto, he was entitled to a commission of one-half of one per centum on all disbursements of the funds of such districts. The bill then itemized the funds received to the credit of the various drainage districts of the county, and also the disbursements made out of the funds of these various districts, and prayed for a decree against the board of drainage commissioners for the total amount of these commissions on the funds received and disbursed by him as such treasurer.

The defendant filed a plea to this bill, which, omitting the formal parts, is as follows:

"That the county of Leflore, during the time and times covered by plaintiff's bill, then and there had a county depository, to wit, the Wilson Banking Company, a banking corporation, which was duly elected as such depository and qualified and acting as such, and that during such time and times the complainant was the treasurer of said county, duly elected, qualified, and acting as such, and that during such time and times the complainant received from said county and was paid the sum of three hundred dollars per year as salary under the terms of section 1875, Hemingway's Code (chapter 192, Laws of Mississippi of 1910), and that by virtue of his said office of county treasurer the complainant became and was the acting treasurer of the

126 Miss.—28

defendant herein. All of which matters and things the defendant avers to be true, and prays the judgment of this court whether it shall be compelled to make any other or further answer to said bill, and prays to be hence with costs dismissed," etc.

The cause was thereupon set down on the bill and plea thereto for hearing upon the sufficiency of the plea, and from a decree disallowing the plea this appeal was granted.

It will be noted from the bill and plea thereto that Leflore county has a county depository, and that appellee, the county treasurer, was the acting treasurer of the drainage districts of the county, and the sole question presented for decision is whether, by reason of section 1875, Hemingway's Code (Chapter 192, Laws of 1910), a county treasurer who is acting treasurer of drainage districts is precluded from recovery of commissions on funds coming into his hands as treasurer of such drainage districts. Section 1875, Hemingway's Code (section 3, chapter 192, Laws of 1910), reads as follows:

"In counties having county depositories the treasurer shall receive an annual salary of three hundred dollars per annum, and the same shall be allowed and paid in monthly payments and the treasurers in such counties shall receive no other fees or emoluments for their services as county treasurer."

This act providing a salary for county treasurers in counties having county depositories was approved and became effective on March 29, 1910, while on April 9, 1910, the legislature enacted chapter 191, Laws of 1910, being an act to amend section 1704, Code of 1906, as amended by chapter 173 of the Laws of 1908, which provides that the treasurer of each county shall be treasurer of all drainage districts organized in their respective counties, and that the drainage commissioners shall fix the amount of commissions allowed to such treasurer upon moneys received and disbursed by him not to exceed one per cent.

The legislature of 1912 enacted chapter 195, Laws of 1912, which is entitled: "An act to provide for the creation of drainage districts in the state of Mississippi."

This act provides an elaborate and detailed scheme for the organization and operation of drainage districts, and section 11 of this act provides that the treasurer shall pay out no money, save upon the order of the board of com- missioners, and upon a warrant signed by the president thereof, and that he shall be allowed a commission of one-half of one per cent. on all receipts and one-half of one per cent. on all disbursements: Provided, that he shall not be entitled to any commission on money received from the sale of bonds or of interest-bearing certificates, or of money paid in liquidation thereof. This act was approved and became effective on March 1, 1912, while on February 28, 1912, the legislature enacted chapter 196 of the Laws of 1912, which is an act to amend various sections of the Code of 1906 pertaining to drainage districts, and to more accurately define the rights, powers, and duties of drain- age commissioners and districts, when organized under chapter 39 of the Code of 1906, and the amendments there- to, and to make said act a general law applicable to the entire state, to confer authority on such drainage commis- sioners to deal with water courses and to authorize the building of levees to protect lands from overflow, and to provide for the operation of such districts.

On March 13, 1912, the legislature enacted chapter 197 of the Laws of 1912, which is an act to create additional methods of organizing and maintaining drainage districts and providing for the validation of any drainage districts heretofore organized under chapter 39 of the Code of 1906 that may petition to come under the provisions of the act. Section 32 of this act provides that the county treasurer of the county in which any lands in any such drainage dis- tricts shall be situated shall be treasurer of the drainage district, and shall receive as compensation not exceeding one per cent., as may be provided by the county board of

drainage commissioners, for handling and disbursing said funds.

The legislature of 1914 enacted chapter 269, Laws of 1914, which is an act to amend various sections of chapter 195, Laws of 1912, and to more accurately define the rights, duties and powers of drainage commissioners, and fixing their terms of office, in drainage districts organized under said chapter 195, to provide for procuring money for the conduct of preliminary work, to validate bonds heretofore issued under the terms of said chapter 195, to provide how said acts shall be construed and to make more certain the terms and provisions of said chapter, and to provide for the formation of sub-drainage districts. Section 11 of this act provides that the treasurer of each county may be the treasurer of all districts organized under this act in their respective counties, and as such treasurer shall receive from the county tax collector, whose duty it shall be to collect, all moneys levied by said drainage commissioners, or by the board of supervisors at their request; and where a drainage district is organized lying in more than one county, the board of commissioners of any such district may select the treasurer of either or any county in which a part of the district lies, who shall be the treasurer of said district, or whether the district lies in one or more counties, the board of commissioners may select their treasurer and remove him at their pleasure, whose duty shall be the same as those of the county treasurer of such district, and then provides that the commissioners shall select a depository for the funds of the district in the same manner as provided under chapter 137, Laws of 1910. This section further provides that the treasurer shall be allowed a commission of not exceeding one-half of one per cent. on all receipts and not exceeding one-half of one per cent. on all disbursements: Provided, that he shall not be entitled to any commission on money received, from the sale of bonds, or interest-bearing certificates( or any money paid in liquidation thereof.

Chapter 191, Laws of 1910, which amended section 1704, Code of 1906, was amended by chapter 272, Laws of 1914, which reads:

"After the organization of a drainage district, the commissioners shall elect a secretary and treasurer, such secretary and treasurer may be a member of the board, or may be any person qualified to fill the position. He shall give bond in such sum as the commissioners, with the approval of the chancellor, may determine, and shall receive such compensation as the commissioners may allow, subject to approval by the chancellor. Such secretary and treasurer shall receive from the county tax collector, whose duty it shall be to collect all moneys levied by said drainage commissioners. The commissioners, with the approval of the chancellor, may designate the depository of such funds, and upon their failure so to do, the funds shall be deposited as is now provided by law for funds in the hands of the county treasurer belonging to the county."

We have set out somewhat in detail the legislation of this state in reference to the creation of drainage districts and the compensation of treasurers thereof, and it appears from an examination of these various statutes that, since the passage of chapter 192, Laws of 1910, providing a salary for county treasurers in counties having depositories, the legislature has uniformly provided compensation for treasurers of these drainage districts. The treasurer of the district may be the treasurer of the county or another, and under each of these varying schemes for the organization and operation of these districts, compensation is provided for the treasurer thereof, and we think it is manifest that, where the county treasurer is also treasurer of a drainage district, it was the legislative intent to provide compensation for the performance of the duties as such treasurer in addition to the salary provided for county treasurers by the act of 1910. It follows, therefore, from these views, that the action of the court below in dismissing the plea was correct.

The bill as filed seeks to recover commissions under the provisions of section 1704, Code of 1906; but, as herein pointed out, this section has been twice amended, and if appellee seeks to recover under the provisions of this section as amended, the bill should so charge. The bill fails to show under which of the legislative schemes the various drainage districts of Leflore county were organized, and since these various statutes vary in the provisions in reference to the treasurers of these districts and their selection and compensation, as well as the method of securing an allowance of the compensation, we express no opinion on these features of the case.

*Affirmed and remanded.*